NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| COACTIV CAPITAL PARTNERS, INC., | |
| Plaintiffs, | Civil Action No. 12-00235 (KSH) |
| v. | |
| PRINTFACILITY, INC. and SHUJA SHABBIR, | OPINION AND ORDER |
| Defendants. | |

**WALDOR, United States Magistrate Judge**

This matter comes before the Court by way of Plaintiff Coactiv Capital Partners, Inc.'s ("Plaintiff") unopposed motion to enforce a post-judgment information subpoena served upon Defendants Printfacility, Inc. ("Printfacility") and Shuja Shabbir ("Shabbir," and collectively with Printfacility, "Defendants") filed on July 2, 2013. (Dkt. No. 5). Plaintiff further seeks an award of attorneys' fees incurred as a result of having to file the aforementioned motion and the issuance of a warrant for the arrest of Shabbir should Defendants fail to comply with this Opinion and Order.

For the reasons set forth below, Plaintiff's motion to enforce its rights and compel Defendants' compliance with information subpoena is granted.

### I.  BACKGROUND

On June 21, 2012, Plaintiff obtained a default judgment against the Defendants in the amount of $104,213.17. (Dkt. No. 1). The judgment was entered on June 22, 2013 in the United

States District Court for the Eastern District of Pennsylvania.  Id.  On September 17, 2012, that default judgment was registered in the United States District Court for the District of New Jersey.  Id.  On December 7, 2012, Plaintiff served on Defendants an information subpoena, as permitted by the Rules of the Court, by certified and regular mail to each of their last know addresses.  (Dkt. No. 5).  The certified mail return receipt card addressed to Defendant Printfacility was signed and returned.  Id.  However, the certified mail sent to Defendant Shabbir was returned to Plaintiffs, though it was not marked by the U.S. Postal Service with any indication that the address is invalid.  Id.  The information subpoena sent by regular mail to both Defendants was not returned by the U.S. Postal Service.  Id.

To date, Defendants have failed to comply with the information subpoena and have not opposed the instant motion.  (Dkt. No. 5).

**II.     DISCUSSION**

The Federal Rules of Civil Procedure require that a party or attorney serving a subpoena must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(c)(1).  In responding to a properly served subpoena, the recipient has a duty to produce responsive documents that are in the person's possession, custody and/or control and that "are kept in the ordinary course of business."  Id. at 45(d)(1).  A person withholding any responsive documents under an asserted privilege or other court-recognized protection must "(i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."  Id.  at 45(d)(2).  The recipient may also object in writing to the discovery demands, however, "[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is

served." Id. at 45(c)(B).  Upon receipt of such an objection, "the serving party may move the issuing court for an order compelling production or inspection."  Id. at 45(c)(2)(B)(i).  A court may also hold a person in contempt for failing to comply with a properly served subpoena if the recipient does not have an adequate excuse and the subpoena does not require a nonparty to produce documents more than 100 miles from his or her place of residence or employment.  Id. at 45(e).

When determining whether to enforce a subpoena and compel the production of documents or responses to interrogatories, this Court must consider the relevance and scope of the requested information.  As set forth in Fed. R. Civ. P. 69(a)(2): "In aid of the judgment . . . the judgment creditor . . . may obtain discovery from any person-including the judgment debtor-as provided in these rules or by the procedure of the state where the court is located."  Fed. R. Civ. P. 69(a)(2).  In New Jersey, a judgment creditor may file a motion in aid of a litigant's rights and request a response to an information subpoena related to whether "the judgment debtor has assets that have been secreted or otherwise placed beyond the reach of execution."  N.J. Ct. R. 1:10-3.

In the instant motion, a default judgment was issued over a year ago and Plaintiff's information subpoena attempts to gather post-judgment discovery to aid it in its collection of that judgment. (Dkt. No. 5).  The Court finds that the information subpoena was properly served upon Defendants.  Id.  Since Defendants have failed to timely object to the information subpoena and have not claimed that the subpoena places an undue burden or expense upon Defendants, this Court finds no reason to modify or quash the subpoena.  Moreover, the Court finds that Plaintiff is justifiably seeking information to gather Defendants' asset information in its attempt to collect

3

on the judgment. Accordingly, Plaintiff's motion to enforce its rights is granted and Defendants are ordered to comply with the subpoena.

Regarding the aspect of Plaintiff's motion seeking attorneys' fees incurred in making this motion and the issuance of a warrant for Defendant Shabbir's arrest, the Court finds that should Defendants fail to comply with this Opinion and Order by responding to the information subpoena, Plaintiff may make the appropriate application for fees and/or the issuance of a warrant.

### III. CONCLUSION

Based on the foregoing, and for good cause shown,

**IT IS on this 5th day of August, 2013,**

**ORDERED THAT:**

1. Plaintiff's motion to enforce its rights and compel Defendants responses to the information subpoena is granted;

2. Plaintiff's motion for attorney's fees associated with the filing of the instant motion is denied without prejudice;

3. Defendants Printfacility, Inc. and Shuja Shabbir shall produce full and complete responses to the information subpoena to Plaintiff within fifteen (15) days of the date of this Opinion and Order;

4. Should Defendants fail to comply with this Opinion and Order, they are required to appear on **Friday, September 6, 2013 at 10:00 a.m.** before this Court in Courtroom 4C. Counsel for Plaintiff is permitted to appear by phone;

5. Failure to comply with the terms and provisions of this Opinion and Order may result in the issuance of a warrant for the arrest of Defendant Shuja Shabbir, individually and as a principal of Printfacility, Inc.; and

6. Plaintiff shall serve a copy of this Opinion and Order upon Defendants Printfacility, Inc and Shuja Shabbir within three (3) days of the date below by overnight mail, certified mail and regular mail and shall retain proof of service.

The Clerk of the Court is directed to terminate Docket Nos. 2 and 5.


s/ Cathy L. Waldor
**CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**


**DATED: August 5, 2013**